HOUSTON GENERAL INSURANCE
CO., Appellant,

v.

John G. METCALF, et al., Appellees.

No. 1535.

Court of Appeals of Texas,
Tyler.

Oct. 28, 1982.

Rehearing Denied Nov. 24, 1982.

William G. Eyres, Eyres & Kohn, Dallas, for appellant.

Rex Houston, Wellborn, Houston, Bailey, Perry & Adkison, Henderson, for appellees.

RAMEY, Justice.

This is an appeal from the trial court's apportionment and award of attorney's fees in a worker's compensation case, pursuant to Tex.Rev.Civ.Stat.Ann. art. 8307, § 6a (Vernon 1981). The plaintiff in the original case, Metcalf, brought a third-party action against Gibson Drilling Company which was settled after jury selection. Rex Houston ("Mr. Houston") represented the plaintiff in this cause, while William G. Eyres ("Mr. Eyres") was the attorney for the intervening compensation carrier, Houston General Insurance Company. On Mr. Houston's motion to apportion attorney's fees, the trial court, after hearing, awarded Mr. Houston two-thirds of the statutory one-third fee, and awarded Mr. Eyres the other one-third. Findings of fact and conclusions of law were filed by the trial judge, and Houston General brings this appeal. We affirm the order of the trial court.

Appellant brings only one point of error:

The trial court erred and abused its discretion in apportioning the attorney's fees in the amounts apportioned in that the greater weight of the evidence showed that substantially valuable benefits accrued to Houston General Insurance Company as a result of the services of its retained attorney, William G. Eyres.

The "greater weight of the evidence" phrase suggests that appellant intended to challenge the factual sufficiency of the attorney's fees apportionment for the reason that "substantially valuable benefits" resulted to the carrier through Mr. Eyres' efforts. There is no error here, because the trial court did affirmatively find as charged in appellant's point of error that valuable benefits accrued to appellant from Mr. Eyres' services. In fact the trial court apportioned $4,746 in attorney's fees to Mr. Eyres. A review of all of the evidence

herein reveals that Mr. Eyres did perform substantially valuable services on behalf of the carrier, but there was no reversible error in the fee apportionment.

There remains only the language in the point of error that the trial court "abused its discretion" in its attorney's fees division. Construing this as an independent assignment of error, we find no abuse by the trial court of its discretion. In apportioning the attorney's fees herein the trial court was acting within its statutory authority. Tex. Rev.Civ.Stat.Ann. art. 8307, § 6(a) (Vernon 1981).

Appellant contends, however, that the trial court should have awarded Mr. Eyres greater attorney's fees for the reason that this counsel refused to accept $20,000 for the carrier's part of a $140,000 total settlement of the third-party action, resulting in Mr. Eyres' client effecting a total recovery of its entire $42,715 payment to the claimant. Mr. Eyres asserts that he might have received more attorney's fees if he had accepted the $20,000 settlement, if he had been awarded the entire one-third fee. In this connection appellant urges that the court considered work performed by Mr. Houston on behalf of the claimant as work performed for the benefit of the carrier.

In our view the trial court's apportionment was supportable and did not constitute an abuse of its discretion. Section 6(a) requires the court in setting the fees to "take into account the benefit accruing to the association as a result of each attorney's service...." Here, it is undisputed that Mr. Houston was solely responsible for handling the third-party action from the plaintiff's side: he conceived of the cause of action, initiated it, conducted the discovery, successfully resisted two venue attacks, prepared the case for trial, selected the jury and negotiated the final settlement of $140,000 out of which appellant recovered its total outlay to the claimant. We cannot say that the carrier would have had any recovery absent Mr. Houston's efforts. Although appellant's attorney passively refused to accept any lesser settlement on behalf of his client the legal services performed by

Mr. Houston were instrumental in the carrier having an opportunity to recover any sum. The fact that claimant's counsel initially requested the carrier to accept $20,000 as his part of the total recovery does not diminish the benefit to the appellant of Mr. Houston's comprehensive services. Parenthetically, considering the time involved, the actual services rendered and the lesser responsibility, an attorney's fee of $4,746 to carrier's counsel does not appear to be inappropriate. We are of the view that the trial court did not abuse its discretion in apportioning two-thirds of the fee to Mr. Houston and one-third to Mr. Eyres.

For the reasons stated, the trial court's judgment is affirmed.